

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN 11, TEXAS**

PRICE DANIEL
ATTORNEY GENERAL

October 8, 1951

Hon. Coke R. Stevenson, Jr.
Administrator
Texas Liquor Control Board
Austin, Texas

Opinion No. V-1304

Re: Validity of the rider in
the general appropriation
bill for the biennium end-
ing August 31, 1951, which
requires a transfer of
$5,000 from the Confiscat-
ed Liquor Fund to the Gen-
eral Revenue Fund.

Dear Sir:

You have requested an opinion of this office as
to the validity of the following rider in the general ap-
propriation bill for the biennium ending August 31, 1951,
(H.B. 322, Acts 51st Leg., R.S. 1949, ch. 615, p. 1208,
at p. 1350):

"(24) Transfer from Special Funds.
In addition to the sums to be transferred
to the General Revenue Fund from special
funds as heretofore authorized in this
Act and in other Statutes, there is here-
by appropriated and the Comptroller and
Treasurer shall transfer duringeach year
of the biennium beginning September 1, 1949,
the following sums out of the respective
special funds to the General Revenue Fund
for the purpose of repaying said General
Revenue Fund for services rendered by the
administrative departments operating from
General Revenue appropriations: . . .Liquor
Confiscation Fund, Five Thousand Dollars
($5,000); . . ."

By a general statute which amended Section 30 of
the Texas Liquor Control Act (Art. 666-30, V.P.C.) the 51st
Legislature allocated 35% of all moneys recovered each bi-
ennium from the sale of confiscated liquor, containers, and
certain other property to the Confiscated Liquor Fund and
placed the authority for its disposition in the Liquor Con-
trol Board in the following language:

"(b) Thirty-five per cent (35%) of all moneys derived from the sale of alcoholic beverages, containers, any device in which said alcoholic beverages are packaged, or property, as authorized in Paragraph (a) of this Section shall be placed in a separate fund in the State Treasury to be designated as the Confiscated Liquor Fund, and thereafter all moneys in said fund shall be available to the Board to defray the expenses and is hereby appropriated for said purpose of purchasing and accumulating evidence as to violations of the provisions of this Act, and to defray the expenses incurred in assembling, storing, transporting, selling and accounting for said confiscated alcoholic beverages, containers, devices and property and for any other purpose deemed necessary by the Board in administering and enforcing the provisions of the Texas Liquor Control Act. Any unexpended portion of said fund at the end of each biennium shall remain in said fund subject to further appropriation for such purposes." (H.B. 84, Acts 51st Leg., R.S. 1949, ch. 543, p. 1011, at p. 1032. (Emphasis added)

It is thus seen that the general statute makes available to the Liquor Control Board, when appropriated, the money in the Confiscated Liquor Fund. The money is to be used for certain designated expenses and for any other purpose deemed necessary by the Board.

The rider in the general appropriation bill, supra, which appropriates $5,000 from the Confiscated Liquor Fund for services rendered by the administrative departments is in conflict with, and therefore is necessarily an attempt to alter or amend, the general statute which makes the Confiscated Liquor Fund available to, and places the authority to expend it in, the Liquor Control Board. There is no doubt that the Legislature could by a general statute effect this $5,000 transfer, Gulf Insurance Co. v. James, 143 Tex. 424, 185 S.W.2d 966 (1945), but the Legislature may not alter or amend a general statute by a rider in a general appropriation bill. Att'y Gen. Op. V-1254 (1951).

The fact situation presented here is entirely different from that presented in Att'y Gen. Op. V-1267

(1951). That opinion was based on the fact that the Legislature originally made only a 20% appropriation instead of the 35% allocated by Article 666-30, V.P.C. The Legislature then allocated the remaining 15% by rider for certain expenditures allowed under Article 666-30, but left the determination of whether the money was to be so expended with the Liquor Control Board in compliance with the general statute. This was merely an additional appropriation within the 35% limit and was held valid.

The rider now under discussion does not make the $5,000 available to the Board or leave the determination of whether the $5,000 should be expended to the discretion and judgment of the Board, and it thereby attempts to amend the general statute. Although the Legislature might appropriate a portion or all of the Confiscated Liquor Fund to be used at the discretion of the Board for specified expenses authorized under the Act, it may not by a rider in the general appropriation bill transfer an amount from this fund to another fund. Att'y Gen. Op. V-412 (1947). Therefore, the $5,000 must remain in the Confiscated Liquor Fund; and, since the biennium in question is at an end, it must be carried over as an unexpended balance to the next biennium in accord with the general statute.

## SUMMARY

The Legislature cannot, by a rider to the general appropriation bill for the biennium ending August 31, 1951 (H.B. 322, Acts 51st Leg., R.S. 1949, ch. 615, p. 1208 at p. 1350), require the transfer of $5,000 from the Confiscated Liquor Fund, since such rider is in conflict with, and attempts to amend, the general statute which provides that the Confiscated Liquor Fund shall be available to the Liquor Control Board for certain designated expenses and for other purposes deemed necessary by the Board. Att'y Gen. Op. V-1254 (1951).

APPROVED:

C. K. Richards
Trial & Appellate Division

Jesse P. Luton, Jr.
Reviewing Assistant

Charles D. Mathews
First Assistant
EWT:wb

Yours very truly,

PRICE DANIEL
Attorney General

By E. Wayne Thode
E. Wayne Thode
Assistant